**E-FILED**
Tuesday, 07 December, 2010 09:08:24 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ALLEN L. MOORE, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 10-cv-3273 |
| LARRY PHILLIPS | ) | |
| Defendant. | ) | |

## O P I N I O N and O R D E R

Before the Court are the Petition for a Writ of Habeas Corpus (Doc. 1), the Motion for Leave to Proceed in forma pauperis (Doc. 2), and the Motion to Appoint Counsel (Doc. 3). The Petition is TAKEN UNDER ADVISEMENT, the Motion to Proceed in forma pauperis is GRANTED, and the Motion to Appoint Counsel is DENIED WITHOUT PREJUDICE.

**I. Motion for Leave to Proceed in forma pauperis**

Title 28 U.S.C. § 1915 provides that a civil proceeding may proceed without prepayment of the filing fee provided an inmate "submits an affidavit that includes a statement of all assets such prisoner possess that the person is unable to pay such fees or give security therefore." Petitioner states that he is not employed and that he has no assets. In a supplement to the Motion, Petitioner states that he received $93.00 and $55.00 from his family during the relevant time period and that while his trust fund account statement shows a balanced of $55.18 as of the date of the statement, he has long since depleted that amount. Petitioner further avers that

the two amounts listed above were the only monies furnished by his family in the last four years. The Court will give Plaintiff the benefit of the doubt and credit the statements in his supplement: that the deposits in his account are atypical and that his balance is negligible. Therefore, Petitioner will not be required to pay an initial filing fee at this time. However, pursuant to § 1915(b)(2), Petitioner's custodian shall forward to the Clerk, in monthly payments, 20% of the preceding months income credited to Petitioner's account when the amount in the account exceeds $10.00 until the full $5.00 filing fee is paid.

## II. Motion for Appointment of Counsel

Civil litigants are not entitled to a court appointed attorney. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). However, the Court may request an attorney to represent an indigent litigant. 28 U.S.C. §1915(e)(1). Prior to such a request, the litigant must show that he made a reasonable attempt to acquire counsel without Court intervention. *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). After a litigant has made such an attempt, the Court considers whether "given the difficulty of the case, d[oes] the plaintiff appear to be competent to try it himself, and, if not, would the presence of counsel [] [make] a difference in the outcome?" *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993).

In addition to the foregoing, the Court may appoint counsel in this 28 U.S.C. § 2241 petition if discovery is required and must appoint counsel if an evidentiary hearing is set. *See* Rules Governing Section 2254 Cases 6 and 8. And, counsel may

be appointed if "the court determines that the interest of justice so require." 18 U.S.C. § 3006A.

Petitioner states that the institution where he is housed, the Rushville Treatment & Detention Facility, does not have a law library or other legal resources. Petitioner asserts that he is therefore incapable of contacting any attorneys in order to seek representation. Petitioner further states that he has only a grammar school education and that English is a not his primary language.

At this stage of the proceedings an attorney will not be appointed. Notwithstanding Petitioner's education and limited ability to read and write English, the Petition in this matter is surprisingly cogent and easy to understand. Petitioner is capable of writing clear and polite letters regarding the status of his case. And, by referencing the Order transferring this matter from the Southern District of Illinois and understanding the import of the Order, Petitioner has a demonstrated understanding and grasp of the English language. The Court is nonetheless mindful that Petitioner has limited access to legal materials and that this may hamper his ability to prosecute his case. Therefore, this Court may reconsider this ruling upon filing of the Answer.

## III.  Petition for a Writ of Habeas Corpus

Petitioner is challenging a civil commitment order entered pursuant to Illinois' Sexually Violent Persons Commitment Act. 740 Ill. Comp. Stat. § 207/1, *et seq*.

According to the Petition, Petitioner was released from the custody of the Illinois Department of Corrections (IDOC) on July 12, 2005, for a period of supervised release, and was immediately transferred to the Department of Human Services (DHS) pending resolution, by jury trial, of the State's motion to have Petitioner declared a sexually violent person pursuant to the aforementioned statute. Prior to the jury trial, Petitioner was transferred back to IDOC for violating the terms of his supervised release. Petitioner then asserts that in light of his transfer to IDOC, the motion was dismissed without prejudice. Nonetheless, he asserts that he was again transferred to DHS after his subsequent release from IDOC custody on October 4, 2006. His transfer was ordered because the Circuit Court vacated the dismissal order and reinstated the motion. Petitioner claims that this action, taken without Petitioner's presence or input, violated his due process rights. Petitioner also raises substantive claims with respect to the constitutionality of his continued detention pursuant to the statute.

Pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings, this Court finds that there may be some merit to the Petition.

IT IS THEREFORE ORDERED

1. That the Clerk serve a copy of the petition (Doc. 1) and this Order upon Respondent and the Attorney General of the State of Illinois by certified mail.

2. That Respondent shall file an answer or other responsive pleading, consistent with Rule 5, within sixty (60) days after service of this Order. Respondents shall

address each of the grounds for relief listed in the petition and shall indicate whether any of the claims have been procedurally defaulted.

3. The Motion to Proceed in forma pauperis is GRANTED.

4. The Motion to Appoint Counsel is DENIED WITHOUT PREJUDICE.


Entered this 6th day of December, 2010

                                                                    s/ Joe B. McDade  
                                                         JOE BILLY MCDADE  
                                   United States Senior District Judge