**E-FILED**
Tuesday, 26 April, 2011 10:16:55 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ALLEN L. MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10-3273 |
| | ) | |
| LARRY PHILLIPS, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

SUE E. MYERSCOUGH, United States District Judge.

This cause is before the Court on (1) the Motion to Dismiss (d/e 16) filed by Respondent Larry Phillips, the Director of the Rushville Department of Human Services Treatment and Detention Center; and (2) the Motion for a Temporary Restraining Order and Preliminary Injunction (d/e 14) filed by Petitioner Allen L. Moore. For the reasons set forth below, Respondent's Motion to Dismiss is GRANTED and Petitioner's Petition for Writ of Habeas Corpus (d/e 1) is DISMISSED WITHOUT PREJUDICE. Petitioner's Motion for a Temporary Restraining Order and Preliminary Injunction (d/e 14) is DENIED AS

MOOT.

## I. BACKGROUND

The following facts are taken from Petitioner's pleadings and the documents attached thereto.

A.  The Sexually Violent Person Proceedings (St. Clair County Circuit Court Case No. 05-MR-199)

In July 2005, shortly before Petitioner's projected release from the Illinois Department of Corrections (IDOC), the Illinois Attorney General's office (the State) filed a petition under the Illinois Sexually Violent Persons Commitment Act (the Act) (725 ILCS 207/1, et seq. ). (St. Clair County case No. 05-MR-199; hereinafter, the SVP case). The State sought to commit Petitioner as a sexually violent person (SVP) upon his release to mandatory supervised release (MSR).

On July 19, 2005, the St. Clair County circuit court entered an initial order of commitment, ordering that custody of Petitioner be transferred to the Department of Human Services (DHS) upon the completion of Petitioner's sentence at IDOC. However, while detained at DHS, Petitioner was charged with violating his MSR and, on

December 27, 2005, Petitioner was transferred to IDOC. In February 2006, the Illinois Prisoner Review Board found Petitioner violated his MSR and ordered he serve out the remainder of his sentence with IDOC.

On April 4, 2006, the St. Clair County circuit court granted the State's motion to dismiss the SVP case without prejudice. On April 17, 2006, the State filed a Motion to Vacate Order. The State indicated that IDOC initially calculated Petitioner's discharge date as July 12, 2007, and, based on that information, the circuit court had granted the State's motion to dismiss the case without prejudice. The Motion further stated that the State had now learned that Petitioner was scheduled to be released October 4, 2006, much sooner than expected. Therefore, the State asked the circuit court to vacate the order dismissing the case without prejudice. That same day, the court granted the motion. Petitioner's attorney approved the order as to form. The SVP case remains pending and it does not appear that the trial on the petition for civil commitment has yet occurred. See Martin v. Brock, 2007 WL 1853298, at *2 (N.D. Ill. 2007) (the court may take judicial notice of a

state court docket).

B. Petitioner's State Habeas Petition (St. Clair County case No. 08-MR-287)

In December 2008, Petitioner filed in the St. Clair County circuit court an Application for Order of Habeas Corpus, which is not contained in the record. See St. Clair County case No. 08-MR-287 (hereinafter, the state habeas case). In January 2009, Petitioner filed an Amended Application for Order of Habeas Corpus, which is contained in the record. In the Amended Application for Order of Habeas Corpus, Petitioner alleged his rights under the Act were violated because he was not provided notice of the time and place of the hearing at which the court granted the State's motion to vacate the dismissal of the SVP case. Petitioner further alleged he was involuntarily detained by DHS based solely on a petition that was dismissed without prejudice and not refiled in accordance with the Act's strict requirements. Therefore, according to Petitioner, his detention was invalid and in violation of his United States Constitutional right to due process of law and fundamental fairness.

C.  Petitioner's Federal Habeas Petition

In August 2010, Petitioner filed the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. §2254 or 28 U.S.C. §2241 By a Person in State Custody (Petition) (d/e 1) at issue herein and an accompanying memorandum of law. In the Petition, Petitioner alleged his current detention under the Act was illegal and in direct violation of his Constitutional rights. Specifically, Petitioner complained that he did not receive any notice of the April 17, 2006, order vacating the dismissal of the SVP case and that he was not present at the hearing. Petitioner asserted the circuit court lacked personal and subject-matter jurisdiction over Petitioner because the State never refiled the SVP petition under the Act's strict guidelines. As such, according to Petitioner, he was being held in custody in violation of the Constitution. Petitioner further asserted he could not exhaust his administrative remedies because his pending state court habeas petition had remained dormant for 17 months.

Petitioner has also filed a Motion for Temporary Restraining Order

and Preliminary Injunction (d/e 14). In the Motion, Petitioner asks this Court to enjoin the SVP proceedings in the state court because, according to Petitioner, the SVP case had been dismissed and never refiled.

II. ANALYSIS

Respondent has moved to dismiss the Petition without prejudice because Petitioner failed to exhaust his state court remedies. Respondent asserts he should be excused from exhausting his state court remedies because of inordinate delay of the state court in ruling on his habeas petition.

This Court first notes that Petitioner filed his Petition "Pursuant to 28 U.S.C. §2254 or 28 U.S.C. §2241." Section 2254 applies to a person in custody under a state court judgment. Because a trial on the State's petition for civil commitment has not yet occurred, Petitioner's situation is similar to that of a pretrial detainee in a criminal case. See <u>Kiger v. Phillips</u>, 2011 WL 1377437, at *2 (C.D. Ill. 2011). "Challenges to pretrial custody are appropriate only under 28 U.S.C. §2241, not 28 U.S.C. §2254." <u>Rittmiller v. Sawyer County Circuit Court</u>, 2005 WL

1813014 (W.D. Wis. 2005). Therefore, this Court will treat the Petition as being brought under §2241.

"Relief for state pretrial detainees through a federal petition for a writ of habeas corpus is generally limited to speedy trial and double jeopardy claims, and only after the petitioner has exhausted state-court remedies." Olsson v. Curran, 328 Fed. Appx. 334 (7th Cir. 2009) (unpublished). The requirement that a §2241 petitioner exhaust state-court remedies is not specified in §2241 but is a "judicially crafted" requirement based on comity. Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490 (1973); see also Neville v. Cavanagh, 611 F.2d 673, 675 (7th Cir. 1979). To exhaust state court remedies, a petitioner must "use all available state procedures to pursue his claim before seeking federal habeas corpus relief." Blanck v. Waukesha County, 48 F.Supp.2d 859, 860 (E.D. Wis. 1999) . The exhaustion requirement may be excused, however, "where unreasonable delay would result or there is no reasonable prospect of petitioner receiving relief." Davis v. Spoden, 2009 WL 249973, *2 (W.D. Wis. 2009).

Petitioner admits he has not exhausted his state court remedies but asks this Court to excuse the requirement because the circuit court in the state habeas case has inexcusably delayed ruling on Petitioner's habeas complaint. However, Respondent attached to his Motion to Dismiss a file-stamped copy of an order from the St. Clair County circuit court dated January 29, 2010, granting Respondent's motion to dismiss Petitioner's state court habeas petition.

Petitioner, in his supplemental memorandum in opposition to the motion to dismiss, asserts Respondent has perpetuated a fraud upon this Court by submitting a proposed order, not an order actually entered by the court in the state habeas case. Petitioner attaches a copy of the docket from the habeas case in support of his contention that the habeas case is still pending. However, that docket reflects entry of the January 29, 2010, Order.

Moreover, on April 19, 2011, Respondent filed a Response to Petitioner's assertion that Respondent filed an unsigned proposed order. Respondent asserts he redacted the signature on the Order in accordance

with this Court's Local Rules and attests, under knowledge and belief, that the document was signed and entered by the circuit court.

Local Rule 5.11(A) provides that signatures should be redacted from documents and replaced with "s/name." Although Respondent did not replace the signature with "s/name," this Court concludes that the Findings of Fact and Order dismissing the case is genuine. The Order is file-stamped, the docket reflects entry of the Order, and Respondent has represented to this Court that he redacted the circuit court judge's signature.

Therefore, because Petitioner admits he has not exhausted his state-court remedies and this Court has rejected his excuse for failing to exhaust his state-court remedies, dismissal is appropriate. Petitioner can still raise his claims in the pending SVP case. In addition, under abstention principles, a federal court should abstain from hearing suits to enjoin state proceedings, except in unusual circumstances. <u>Younger v. Harris</u>, 401 U.S. 37, 91 (1971) (applying the abstention doctrine to criminal proceedings); <u>Middlesex County Ethics Committee</u>, 457 U.S.

423, (1982) (applying the Younger abstention doctrine to noncriminal judicial proceeding where important state interests are involved). No unusual circumstances exist here that would warrant this Court hearing a suit to essentially enjoin the SVP case. Therefore, this Court declines to address the Petition on the merits and dismisses the Petition without prejudice. McCabe v. Budz, 2005 WL 3481540, at *2 (S.D. Ill. 2005) (declining to address the §2241 petition on the merits where petitioner had not exhausted his state court remedies, noting that upon resolution of the SVP proceedings, the matter may either be rendered moot or the petitioner, if committed, could seek appellate review); Tran v. Bartwo, 210 Fed. Appx. 538, 540 (7th Cir. 2006) (unpublished) (finding the petitioner, who was being held pending a trial to determine whether he could be civilly committed as a sexually violent person, had not exhausted his state remedies where the petitioner had not received a ruling on his motion to dismiss in the circuit court or pursued the matter in the court of appeals).

This Court also denies Petitioner's Motion for Temporary

Restraining Order and Preliminary Injunction (d/e 14) as moot because the Motion to Dismiss has been granted.

III. CONCLUSION

For the reasons stated, Respondent's Motion to Dismiss (d/e 16) is GRANTED and Petitioner's Petition for Writ of Habeas Corpus (d/e 1) is DISMISSED WITHOUT PREJUDICE. Petitioner's Motion for a Temporary Restraining Order and Preliminary Injunction (d/e 14) is DENIED AS MOOT. CASE CLOSED.

Dated:   April 25, 2011              s/Sue E. Myerscough
                                    SUE E. MYERSCOUGH
                                  United States District Judge