IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ALLEN L. MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10-3273 |
| | ) | |
| LARRY PHILLIPS, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

SUE E. MYERSCOUGH, United States District Judge.

This cause is before the Court on Petitioner, Allen L. Moore's: (1) Petition for a Certificate of Appealablity Pursuant to Rule 22 of Appellate Procedure (d/e 31); and (2) Motion and Affidavit to Proceed in District Court Without Prepaying Fees or Costs (d/e 32).

For the reasons that follow, the Certificate of Appealability is DENIED and the Motion and Affidavit to Proceed in District Court without Prepaying Fees or Costs is GRANTED.

## BACKGROUND

In August 2010, Petitioner filed a Petition for Writ of Habeas

Corpus pursuant to 28 U.S.C. § 2254 or 28 U.S.C. § 2241 By a Person in State Custody (Petition). In December 2010, the Court granted Petitioner's Motion for Leave to Proceed in forma pauperis. The Court held that Petitioner was not required to pay an initial filing fee but directed Petitioner's custodian to forward to the Clerk, in monthly payments, 20% of the preceding months income credited to Petitioner's account when the amount in the account exceeded $10.00 until the full $5.00 filing fee was paid.

In April 2011, this Court construed the Petition as one brought pursuant to § 2241, granted Respondent's Motion to Dismiss, and dismissed, without prejudice, Petitioner's Petition for Writ of Habeas Corpus. This Court found Petitioner had not yet exhausted his state-court remedies and rejected his excuse for failing to do so. Moreover, this Court found no unusual circumstances existed that would warrant the Court hearing a suit which would essentially enjoin a currently pending state court case. On May 6, 2011, this Court denied Petitioner's Motion to Reconsider.

On May 23, 2011, Petitioner filed a Notice of Appeal and the Petition for a Certificate of Appealability and the Motion to Proceed in District Court Without Prepaying Fees or Costs. This Court has jurisdiction to rule on both motions even though Petitioner has filed a Notice of Appeal. <u>See</u> Fed. R. App. P. 22 (b)(1) ("the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability"); Fed.R.App.P. 24 (a)(3) (providing that a party permitted to proceed <u>in forma pauperis</u> in the district court may proceed on appeal <u>in forma pauperis</u> without further authorization unless "the district court–before or after the notice of appeal is filed–certifies the appeal is not taken in good faith or the party is not otherwise entitled to proceed <u>in forma pauperis</u>); <u>see also</u> <u>U.S., ex rel. McCray v. Gaetz</u>, 2010 WL 4822896, 1 (N.D. Ill. 2010) (ruling on request for certificate of appealiability and petition to proceed <u>in forma pauperis</u> on appeal after the notice of appeal was filed).

## CERTIFICATE OF APPEALABILITY

Petitioner first seeks a Certificate of Appealability. This Court

construed Petitioner's Petition as one seeking relief under 28 U.S.C. §2241. A certificate of appealability is not required for habeas cases brought solely under § 2241. Lindstrom v. Graber, 203 F.3d 470, 473 (7th Cir. 2000); but see McCabe v. Budz, 2007 WL 2746850 (S.D.Ill. 2007) (examining whether to grant a certificate of appealability following dismissal of a §2241 petition).

Even if a certificate of appealability were required in this case, Petitioner has not shown (1) "jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right"; or (2) "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (detailing what a petitioner must demonstrate if the district denied the habeas petition on procedural grounds); see also 28 U.S.C. §2253(c) (containing the certificate of appealability standard).

Here, this Court dismissed the Petition without prejudice for failure to exhaust administrative remedies. Reasonable jurists would not

disagree that this Court's dismissal was proper.

Therefore, for the reasons stated, the Petition for a Certificate of Appealablity Pursuant to Rule 22 of Appellate Procedure (d/e 31) is denied as moot because a certificate of appealability is unnecessary, and, in the alternative, is denied.

MOTION TO PROCEED ON APPEAL IN FORMA PAUPERIS

Petitioner also seeks leave to proceed in forma pauperis. Although Petitioner's motion is entitled as a request "To Proceed in District Court," the body of that motion indicates he actually seeks to proceed in forma pauperis on appeal.

Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure provides that a party permitted to proceed in forma pauperis in the district court may proceed on appeal in forma pauperis without further authorization. Fed. R. App. P. 24(a)(3)(A). In December 2010, the Court granted Petitioner's motion to proceed in forma pauperis. Therefore, Petitioner may proceed on appeal in forma pauperis without further authorization, and Petitioner's motion (d/e 32) is denied as moot.

# CONCLUSION

IT IS THEREFORE ORDERED that Petitioner's Petition for a Certificate of Appealablity Pursuant to Rule 22 of Appellate Procedure (d/e 31) is DENIED AS MOOT because a certificate of appealability is unnecessary, or, in the alternative, DENIED.  Petitioner's Motion and Affidavit to Proceed in District Court Without Prepaying Fees or Costs (d/e 32) is DENIED AS MOOT.

ENTERED:  June 13, 2011

    FOR THE COURT:

                                                  s/ Sue E. Myerscough  
                                                  SUE E. MYERSCOUGH  
                                          UNITED STATES DISTRICT JUDGE